1
2
3
4
5
6
7

**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191

Counsel for Plaintiff and the Putative Class

8

## UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11

12

13

14

15

16

17

18

19

20

| | |
|---|---|
| ARAM ADZHIKOSYAN, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiff,<br><br>v.<br><br>AT&T CORP., a New York corporation, DIRECTV, LLC, a California limited liability company, and DOES 1 to 100, inclusive<br><br>                                        Defendants. | Case No: 2:21−cv−05997−ODW−MRW<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>Hearing</u><br>Date: November 15, 2021<br>Time: 1:30 p.m.<br>Courtroom: 5D<br>Judge: Hon. Otis D. Wright II |

21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:  PLEASE TAKE NOTICE that, on November 15, 2021, at 1:30 p.m. or as soon thereafter as may be heard in Courtroom 5D of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, California 90012, Plaintiff ARAM ADZHIKOSYAN ("Plaintiff") will, and hereby does, move this Court for an order remanding this case to the Superior Court for the State of California, County of Los Angeles.

This Motion is made on the ground that this Court lacks subject-matter jurisdiction over the action.  Here, Defendants AT&T CORP. ("AT&T") and DIRECTV, LLC ("DIRECTV") (collectively, "Defendants") removed this action on the ground of federal-question jurisdiction based on diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and that the amount in controversy exceeds the $5 million jurisdictional amount threshold. Defendants' assertion that there is federal-question jurisdiction under 28 U.S.C. Section 1331 fails, as there is no Article III standing for Plaintiff's claims under California Penal Code §§ 632 and 632.7 and the amount in controversy does not exceed the $5 million jurisdictional amount threshold,  and therefore the action should be remanded.

This Motion is based on this Notice of Motion and Motion; and the Memorandum of Points and Authorities appended hereto; all papers and pleadings on file with the Court in this action; and on any and all further oral or documentary evidence as the Court may consider in connection with the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 6, 2021 and August 17, 2021.  See Decl. of James M. Treglio in Supp. of Mot. to Remand ¶ 2.

Dated: August 23, 2021                          **POTTER HANDY, LLP.**

                                                By: ___/s/James M. Treglio_____
                                                     James M. Treglio
                                                Counsel for Plaintiff and the Putative Class

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................iv

   Cases .................................................................................**Error! Bookmark not defined.**

   Statutes ...................................................................................................................v

I.     INTRODUCTION AND SUMMARY OF ARGUMENTS ........................................1

II.    SUMMARY OF RELEVANT PRIOR PROCEEDINGS IN STATE COURT .........................3

III.   LEGAL STANDARD.............................................................................4

     A.   REMOVAL.............................................................................4

     B.   ARTICLE III STANDING ................................................................4

     C.   DIVERSITY OF CITIZENSHIP ...........................................................5

IV.   ARGUMENT .......................................................................................6

     A.   DEFENDANTS HAVE NOT PROVIDED EVIDENCE THAT PLAINTIFF OR THE CLASS MEMBERS HAVE ARTICLE III STANDING ................................................6

     B.   DEFENDANTS FAIL TO CARRY THEIR BURDEN OF ESTABLISHING THE REQUIRED CAFA JURISDICTIONAL AMOUNT.......................................................10

     C.   DEFENDANTS REMOVAL FAILS TO PROVIDE EVIDENCE THAT THE CLASS EXCEEDS 100 MEMBERS .............................................................12

V.    CONCLUSION.....................................................................................13

-iii-

**TABLE OF AUTHORITIES**

Cases

*Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006 ........................................5, 10

*Am. Civil Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006) .............................4

*Archer v. United Rentals, Inc.*, 195 Cal. App. 4th 807, 816, 126 Cal.Rptr.3d 118 (2011).....................9

*Baillie v. Account Receivable Mgmt. of Fla.*, 2011 U.S. Dist. LEXIS 16823, * 13 (N.D. Cal. Feb. 14, 2011) ..............................................................................................................................................12

*Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)...........................................8

*Cifuentes v. Red Robin Int'l, Inc.*, 2012 U.S. Dist. LEXIS 27211 (N.D. Cal. Mar. 1, 2012)...............11

*Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1184 (9th Cir. 2007)........................................................11

*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (9th Cir. 2018) ..................................5, 6

*Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) ..............................11

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ...................................................................4

Hanlon v. Chrysler Corporation, 150 F.3d 1011, 1020 (9th Cir. 1998)) ............................................11

*I.C. v. Zynga, Inc.*, , 2021 WL 3271187, (N.D. Cal. July 30, 2021)...................................................9

*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ...............................................6

*In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714 (N.D. Cal. 2011), aff'd 572 F. App'x 494 (9th Cir. 2014) ...............................................................................................................................9

*In re Yahoo! Inc. Customer Data Sec. Breach* Litig., 2017 WL 3727318, (N.D. Cal. Aug. 30, 2017)...9

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001)...............................................4

*Loeb v. ZipRecruiter, Inc.*, , 2019 WL 4201082, (C.D. Cal. Sept. 5, 2019). ......................................10

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992) ......................................................4, 5, 6, 8

*Martinez v. Morgan Stanley & Co.*, 2010 U.S. Dist. LEXIS 80797, * 14 (S.D. Cal. Aug. 9, 2010) ....12

*Mastel v. Miniclip SA*, 2021 WL 2983198, (E.D. Cal. July 15, 2021) ................................................8

*Mendoza v. Aldi Inc.*, 2019 WL 7284940, (C.D. Cal. Dec. 27, 2019);..............................................10

*Michaeli v. Kentfield Rehabilitation Hospital Foundation, et al.*, Case No. 21-cv-03035-EMC, 2021 WL 2817162 (N.D. Cal., July 7, 2021)............................................................................................8

-iv-

*Morris v. LiquidAgents Health Care, LLC*, 2012 U.S. Dist. LEXIS 159992 (N.D. Cal. Nov. 7, 2012)11

*Murphy v. DirecTV, Inc.,* 724 F.3d 1218 (9th Cir. 2013) ...................................................................12

Ortiz v. Menu Foods, Inc., 525 F. Supp. 2d 1220, 1224 (D. Hawaii 2007)........................................11

*Pac. Mar. Ass'n v. Mead*, 246 F. Supp. 2d 1087, 1089 (N.D. Cal. 2003) ............................................4

*Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) ................................................4

*Robins v. Spokeo, Inc.*, 867 F.3d 1108 (9th Cir. 2017)........................................................................8

*Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013)........................................10

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)............................................10

*Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)......................................10

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ...............................................................passim

Summers [v. Earth Island Inst.], 555 U.S. [488], [] 496, 129 S. Ct. 1142 ...............................................5

*Thole v. U.S. Bank N.A*, U.S., 140 S. Ct. 1615, 1620, 207 L.Ed.2d 85 (2020)......................................8

*TransUnion LLC v. Ramirez*, 594 U.S., 141 S. Ct. 2190, L.Ed.2d (2021) ..................................7, 8, 10

*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004) .........................................................4

*Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017)...............................4, 5

*Ward v. National Patient Account Services Solutions, Inc., et al.,* No. 20-5902, 2021 WL 3616067,
    (6th Cir., August 16, 2021) ...........................................................................................................9

*Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) .........................................7

*Winters v. Douglas Emmett, Inc.* (C.D. Cal., July 2, 2021, 2021 WL 2769039, ................................10


**Statutes**

28 U.S.C. § 1332(d)(2) ..........................................................................................................................5

28 U.S.C. § 1447(c) ...............................................................................................................................4

Article III of the Constitution ...............................................................................................................4

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)................................................................2

Plaintiff Aram Adzhikosyan ("Plaintiff") respectfully submits this memorandum in support of his motion to remand his case back to state court.

## I.    INTRODUCTION AND SUMMARY OF ARGUMENTS

On June 8, 2021, Plaintiff commenced his action against Defendants AT&T CORP. ("AT&T") and DIRECTV, LLC ("DIRECTV") (collectively, "Defendants") in the Superior Court of the State of California for the County of Los Angeles, entitled "ARAM ADZHIKOSYAN, individually and on behalf of all others similarly situated, Plaintiff, v. AT&T CORP., a New York corporation, DIRECTV, LLC, a California limited liability company, and DOES 1 to 100, inclusive" Case Number 21STCV21781, by filing his "Class Action and Representative Action Complaint for Damages and Injunctive Relief for Unlawful Recording or Monitoring of Telephone Calls" ("Complaint"). (ECF 1, Exhibit A, pages 15-28).

In his Complaint, Plaintiff alleges inter alia that he "was, at all times relevant herein, a natural person and a resident of Van Nuys, California," (Complaint, ECF 1, Exhibit A, page 17 at ¶5), and that Defendants unlawfully recorded telephone calls of California residents without their consent, in violation of California privacy laws. (Complaint, ECF 1, Exhibit A, pages 15-21 at ¶¶ 1-23).  Moreover, starting from his Preliminary Statement (Complaint, ECF 1, Exhibit A, pages 15-17 at ¶¶1-4), to the statement of Parties to the action (*Id*. at ¶¶5-10), to the Class Definition (*Id*. at ¶¶24-25) and Class Allegations (*Id*. at ¶¶24-35), to the first and second causes of action (*Id*. at ¶¶36-49), Plaintiff makes no less than twenty references to either Plaintiff's California residence or the California statutes alleged to be violated by Defendants.  (Complaint, ECF 1, Exhibit A, pages 15-27 at ¶¶ 1-49).

In his Complaint, Plaintiff seeks, among other things, to certify a putative class defined as "[a]ll California citizens made or received one or more telephone calls with Defendants through the phone numbers (855) 920-0146, (877) 999-1083, and/or (866) 595-1331 from May 24, 2017 through the date of trial (the "Class Period") and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored (the "Class")." (Complaint, ECF 1, Exhibit A, pages 21-22 at ¶24).

-1-

Plaintiff also seeks to represent a subset of the Class defined as: "[a] ll California citizens who made one or more telephone calls with Defendants through the phone numbers (855) 920-0146, (877) 999-1083, and/or (866) 595-1331 while using a "cellular radio telephone" as such term is defined in Cal. Penal Code § 632.7(c)(l), during the Class Period and did not receive notice at the beginning of the telephone call that their telephone conversation may be recorded or monitored (the "Subclass")." (Complaint, ECF 1, Exhibit A, page 22 at ¶25).

Defendants have removed this action from state court alleging that federal jurisdiction exists based on diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and that the amount in controversy exceeds the $5 million jurisdictional amount threshold. Defendants removed this action on July 26, 2021.

Plaintiff moves to remand this action to the Los Angeles County Superior Court, where it was originally filed and rightfully belongs. This Court should remand the action to state court because there is no basis for subject-matter jurisdiction. This action is brought due to Defendants' unlawful recording and monitoring of telephone calls under California Penal Code §§ 632 and 632.7, a statute that allows for statutory damages for a willful violation in the absence of actual damages. Plaintiff asserts that Defendants willfully violated the statute in derogation of his rights, but he does not assert that he incurred any economic or otherwise "concrete" injury as required for Article III standing. This Court therefore does not have subject-matter jurisdiction, as the claims brought by the Plaintiff under the privacy laws of California do not assert that he has suffered an "injury in fact" that would satisfy Article III's "case and controversy" requirement. Multiple district courts in California have remanded similar cases and ruled that the proper course of action when Article III standing is absent is to remand and allow the action to proceed in state court, which has concurrent jurisdiction.

In any case, Defendants have not provided evidence that the number of class members with Article III standing exceeds 100 individuals nor have they provided evidence that there are over 100 class members despite the existence of any arbitration agreement.

Plaintiff also contends that Defendants' removal is procedurally defective for failing to submit sufficient evidence to prove that this case exceeds the $5 million dollar amount-in-controversy

-2-

threshold. The Notice of Removal ("Notice") does not provide enough evidence of jurisdiction, as there is no evidence in the Notice o of how many calls were recorded – just a pat statement in the Notice that there were 1,001 calls recorded without providing evidence that that is indeed the case.

In short, Defendants' attempt at removal is procedurally defective under numerous grounds. As such, Plaintiff respectfully requests the Court grant his Motion for Remand and his request for an award of his just costs and actual expenses, including attorney's fees, incurred as a result of the removal.

## II.      SUMMARY OF RELEVANT PRIOR PROCEEDINGS IN STATE COURT

On June 8, 2021, Plaintiff filed his Complaint against Defendants in the Los Angeles Superior Court asserting causes of action based upon Defendants' allegedly unlawful recording or monitoring of consumer telephone calls. (Complaint, ECF 1, Exhibit A).   Specifically, Plaintiff alleges that the Defendants, providers of telecommunications, media and technology services, recorded numerous phone calls with him without his knowledge or consent.  (*Id*. at ¶1 and ¶¶14-20).  This was not an error on the Defendants' part, as Defendants' business model is predicated on recording. (*Id*. at ¶¶14-23). Plaintiff, who alleges that at all times herein, was a resident of Van Nuys, California (*Id*. at ¶5), brings a cause of action for a class of residents of California for violations of  California Penal Code §§ 632 and 632.7, by asserting two causes of action: (1) First Cause of Action for Invasion of Privacy Under Applicable State Statutory Laws for violations of Cal. Penal Code § 632, and (2) Second Cause of Action for Unlawful Recording of Telephone Calls Under Cal. Penal Code §632.7. Additionally, Plaintiff seeks injunctive relief under all two of his causes of action.  (*Id*. at ¶1).

On June 24, 2021, Defendants were served with summons and the Class Action Complaint. (Complaint, ECF 1, Exhibit A).

On July 23, 2021, Defendant removed the action to the District Court. (ECF 1). On July 28, 2021, the action was assigned to the Court. (ECF 13). On August 2, 2021, the Court issued an order to show cause why the action should not be remanded to State Court under the Local Controversy Exception. (ECF 16). Shortly thereafter, on August 6, 2021, the Parties met and conferred regarding a motion for remand. (Decl. Treglio at ¶2). On August 16, 2021, Defendant AT&T filed its response to

-3-

the Court's Order to Show Cause. (ECF 22). The Parties met and conferred further on the issue of remand the next day. (Decl. Treglio at ¶2).

### III. LEGAL STANDARD

#### A. REMOVAL

Before all else, a federal court must determine whether it has subject-matter jurisdiction. "If at any time before final judgement it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). See also *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (stating same). Accordingly, if this Court determines that it is without proper jurisdiction, then the only course of action is to remand the case to state court. On a motion for remand, the party who invoked the federal court's removal jurisdiction always bears the burden of establishing that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir. 2001). See also, e.g., *Pac. Mar. Ass'n v. Mead*, 246 F. Supp. 2d 1087, 1089 (N.D. Cal. 2003). Removal is generally disfavored, and, "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004) (quotation marks omitted). Therefore, courts "strictly construe the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added) (citations omitted).

#### B. ARTICLE III STANDING

Article III of the Constitution "limits the [subject-matter] jurisdiction of federal courts to 'Cases' and "Controversies.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). "Standing is an essential component of the case or controversy requirement of Article III, § 2 of the United States Constitution." *Am. Civil Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006) (quotation marks and citation omitted). "To satisfy Article III standing, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016))

(quotation marks and alteration omitted). At the pleading stage, then, the plaintiff must clearly allege facts demonstrating each Article III element.  "The injury-in-fact requirement requires a plaintiff to allege an injury that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Van Patten*, 847 F.3d at 1042 (quoting *Spokeo*, 136 S. Ct. at 1548).

In *Spokeo*, the Supreme Court addressed the issue directly:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.  Article III standing requires a concrete injury even in the context of a statutory violation.  For that reason, [a plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.  See Summers [v. Earth Island Inst.], 555 U.S. [488], [] 496, 129 S. Ct. 1142 ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing"); see also Lujan, supra, at 572, 112 S. Ct. 2130.

*Spokeo*, 136 S. Ct. at 1549.

Applying these principles, the Supreme Court concluded that a plaintiff cannot satisfy Article III "by alleging a bare procedural violation" of the FCRA because the procedural violation may result in no harm.  *Id.* at 1550.  "For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm."  *Id.*

## C.  DIVERSITY OF CITIZENSHIP

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. 28 U.S.C. § 1332(d)(2). To invoke diversity jurisdiction pursuant to CAFA, it must be established that at least one plaintiff and one defendant are citizens of different states, and that the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. *Id.* "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (9th Cir. 2018). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the

defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Id*. at 788-89. "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" *Id*. at 793. "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

## IV.   ARGUMENT

### A.   DEFENDANTS HAVE NOT PROVIDED EVIDENCE THAT PLAINTIFF OR THE CLASS MEMBERS HAVE ARTICLE III STANDING

Defendants' assertion of federal-question jurisdiction under 28 U.S.C. § 1331 fails because, while the Complaint contains claims under California Penal Code §§ 632 and 632.7, there is no subject-matter jurisdiction over those claims in light of Plaintiff's lack of Article III standing.  Accordingly, Defendants cannot meet their burden of establishing subject-matter jurisdiction, and the action should be remanded.

In his Complaint, Plaintiff alleges violations of California Penal Code §§ 632 and 632.7 based on Defendants' alleged unlawful recording or monitoring of consumer telephone calls. (Complaint, ECF 1, Exhibit A).  Specifically, Plaintiff alleges that the Defendants, providers of telecommunications, media and technology services, recorded numerous phone calls with him without his knowledge or consent.  (*Id*. at ¶1 and ¶¶14-20).

To establish standing, a "[p]laintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 856, 336, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016). To establish an injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized."  *Id*. at 337, 136 S.Ct. 1540 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). A concrete injury is one that is "real and not abstract."  *Id*.

-6-

In a recent decision, *TransUnion LLC v. Ramirez*, 594 U.S., 141 S. Ct. 2190, L.Ed.2d  (2021), the Supreme Court provided additional guidance to lower courts tasked with assessing whether a plaintiff's alleged harm is adequately "concrete" so as to confer Article III standing. See *TransUnion*, 141 S.Ct. at 2204. The Court explained that, while certain harms, such as physical and monetary harms, "readily qualify as concrete injuries under Article III," other intangible injuries, such as "reputational harms, disclosure of private information, and intrusion into seclusion," may nevertheless qualify as "concrete" as well, even though they are harder to discern.  *Id.* (citing *Spokeo*, 578 U.S. at 340-41, 136 S.Ct. 1540).

According to the Court, the chief examples of such intangible injuries that are nevertheless "concrete" are those "with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts."  *Id.* It also explained that, though the view of Congress may be instructive in the sense that it may "elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law," Congress may not "simply enact an injury into existence, using its lawmaking power to transform something that is not necessarily harmful into something that is."  *Id.* (citing *Spokeo*, 578 U.S. at 341, 136 S.Ct. 1540).

The Court held that certain members of the putative class had failed to allege that TransUnion had caused them a "concrete" injury when it failed to use reasonable procedures to ensure the accuracy of their credit files.  *Id.* at 2212–13. Though Congress had enacted a statute authorizing the plaintiffs to sue when a credit reporting agency negligently created inaccurate credit files, and TransUnion had concededly violated the terms of that statute, the Court held that the plaintiffs had not alleged a concrete injury because TransUnion had not disseminated the inaccurate credit files to any third parties. See  *id.* at 2208–13.

In *Spokeo,* the Court also stated that the party invoking federal jurisdiction bears the burden of establishing the elements of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 856, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). To meet this burden, the invoking party must "clearly allege facts demonstrating" each element.  *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)) (cleaned up). "Since they are not mere pleading requirements but rather an indispensable part of the

-7-

plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). On appeal from the grant of summary judgment, that means that the plaintiff cannot rely on mere allegations, but must also set forth specific facts demonstrating his standing. *Id.*; see also *TransUnion LLC v. Ramirez*, U.S., 141 S. Ct. 2190, 2208, L.Ed.2d (2021).

The Supreme Court has rejected the proposition that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 136 S. Ct. at 1549; see also *Thole v. U.S. Bank N.A*, U.S., 140 S. Ct. 1615, 1620, 207 L.Ed.2d 85 (2020) (explaining that the existence of a "cause of action does not affect the Article III standing analysis"). At the same time, the Court recognized that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute" concrete harm, even without asserting "any additional harm." *Spokeo*, 136 S. Ct. at 1549.

Similarly, in the case of *Michaeli v. Kentfield Rehabilitation Hospital Foundation, et al.*, Case No. 21-cv-03035-EMC, 2021 WL 2817162 (N.D. Cal., July 7, 2021), the Court reiterated that "Defendants, as the party seeking removal, have the burden of establishing subject matter jurisdiction/standing." See *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (stating that "[t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute"). The Court cited *Spokeo,* stating that "Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be 'concrete.' " *Id.* at 1548. The Court likewise cited *Robins v. Spokeo, Inc.*, 867 F.3d 1108 (9th Cir. 2017), which held that "there must be an injury that is 'real' and not 'abstract' or merely 'procedural.' In other words, even when a statute allegedly has been violated, Article III requires such violation to have caused some real – as opposed to purely legal – harm to the plaintiff." *Id.* at 1112.

In the case of *Mastel v. Miniclip SA*, No. 221CV00124WBSKJN, 2021 WL 2983198, at *11 (E.D. Cal. July 15, 2021), the court held  that disclosure of personal information alone does not constitute economic or property loss sufficient to establish UCL standing, unless the plaintiff provides

specific allegations regarding the value of the information. See, e.g., *In re Yahoo! Inc. Customer Data Sec. Breach* Litig., No. 16-MD-02752-LHK, 2017 WL 3727318, *22 (N.D. Cal. Aug. 30, 2017) (rejecting UCL standing to victims of data breach who had failed to allege specific benefit-of-the-bargain losses or out-of-pocket expenses); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714 (N.D. Cal. 2011), aff'd 572 F. App'x 494 (9th Cir. 2014) ("A plaintiff's 'personal information does not constitute property under the UCL."); *Archer v. United Rentals, Inc.*, 195 Cal. App. 4th 807, 816, 126 Cal.Rptr.3d 118 (2011) (dismissing UCL invasion of privacy claim because "plaintiffs have failed to demonstrate how ... unlawful collection and recordation of personal information ... translates into a loss of money or property").

In the case of *Ward v. National Patient Account Services Solutions, Inc., et al.,* No. 20-5902, 2021 WL 3616067, (6ᵗʰ Cir., August 16, 2021), the Court held that the procedural violations asserted by plaintiff under the Federal Debt Collection Practices Act do not bear a close relationship to traditional harms and thus, plaintiff cannot demonstrate standing based upon the statutory violation alone.

Similarly, in the case of *I.C. v. Zynga, Inc.*, No. 20-CV-01539-YGR, 2021 WL 3271187, at *2 (N.D. Cal. July 30, 2021), the Court held that a complaint that fails to establish a sufficiently concrete injury-in-fact does not meet the standing requirement under Article III, to wit:

> With respect to the motion to dismiss, the Court finds that, as currently pled, the complaint fails to establish a sufficiently concrete injury-in-fact as required for Article III standing. Specifically, plaintiffs have not sufficiently alleged an invasion of privacy or a risk of future harm based on the information allegedly stolen in the breach. See *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) ("[C]ourts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts.") (quoting Spokeo v. Robins, 578 U.S. 330, 341 (2016)); *In re Zappos.com, Inc.*, 888 F.3d 1020, 1023 (2018) (allegation that hackers "stole the names, account numbers, passwords, email addresses, billing and shipping addresses, telephone numbers, and credit and debit card information of more than 24 million Zappos customers" sufficiently alleged standing based on risk of identity theft); *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1140, 1143 (9th Cir. 2010) (holding that plaintiffs had "alleged a credible threat of real and immediate harm stemming form the theft of a laptop" containing the "unencrypted names, addresses, and social security numbers of approximately 97,000 Starbucks employees").

-9-

Here, Plaintiff alleges that he first became aware of being recorded when, in a heated phone call with one of the Defendants, he asked that he be recorded. (Complaint at ¶17). It was then that he was informed that all calls he had with the Defendants were recorded. (Complaint at ¶17). But he does not allege anywhere in the Complaint that he, or other members of the Class, have suffered any concrete injury of the sort required by *Transunion*. Based on the foregoing, it is evident the Defendants have failed to meet the burden of proving that Plaintiff or the Class Members have Article III standing as required under *TransUnion v. Ramirez*. Defendants were not able to establish a concrete and real injury-in-fact that is not merely abstract or procedural on the part of Plaintiff or the Class Members.

In such circumstances, Courts have regularly remanded actions back to state court where no Article III standing can be established. *Winters v. Douglas Emmett, Inc.* (C.D. Cal., July 2, 2021, No. CV 21-4052 DSF (SPX)) 2021 WL 2769039, at *4; *Mendoza v. Aldi Inc.*, No. 2:19-cv-06870-ODW (JEMx), 2019 WL 7284940, at *2 (C.D. Cal. Dec. 27, 2019); *Loeb v. ZipRecruiter, Inc.*, No. LA CV19-04288 JAK (MRWx), 2019 WL 4201082, at *4 (C.D. Cal. Sept. 5, 2019). Plaintiff respectfully requests the Court do the same.

## B.   DEFENDANTS FAIL TO CARRY THEIR BURDEN OF ESTABLISHING THE REQUIRED CAFA JURISDICTIONAL AMOUNT

When a defendant removes an action to federal court pursuant to CAFA, the burden of establishing removal jurisdiction is on the removing party. *Abrego Abrego v. The Dow Chem. Co., supra* at 685. Where the amount in controversy is contested, and the plaintiff does not plead a specific amount in controversy, the proponent of federal jurisdiction must establish it by a preponderance of the evidence. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). Under the preponderance of the evidence standard, the removing party must "provide evidence establishing that it is more likely than not that the amount in controversy exceeds [the jurisdictional amount]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation omitted). In determining whether the removing party has satisfied this burden, the district court may consider facts in the removal petition and "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Mere conclusory

Plaintiff's Motion to Remand                                            2:21−cv−05997−ODW−MRW

allegations are insufficient, id., as are "speculative and self-serving assumptions," *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013).

Here, Defendants attempt to establish the necessary jurisdictional amount under CAFA by merely stating in their Notice that 1,001 calls were recorded. However, Defendants failed to provide any evidence whatsoever about the alleged 1,001 recorded calls. In fact, the Notice fails to provide any evidence at all of how many calls were recorded.

Courts that have repeatedly disregarded this kind of oversimplified extrapolation as conjectural and speculative, especially since companies, like Defendants here, can access their own records and data to estimate the frequency of violations. In *Cifuentes v. Red Robin Int'l, Inc.*, 2012 U.S. Dist. LEXIS 27211 (N.D. Cal. Mar. 1, 2012), defendant extrapolated class-wide damages solely based on Plaintiff's individual damages. In remanding the case due to defendant's failure to establish the amount in controversy, the Court declared:

> Defendant has access to evidence as to the amount in controversy but presented none. It could have estimated damages based on its own data without conceding its own liability. For instance, instead of extrapolating from Plaintiff's singular allegation to project an average delay for the entire class, Defendant could have taken a sampling of class members to calculate a more informed estimate. As presented, Defendant's calculation is based on too thin a reed to satisfy the high bar of the legal certainty standard. See Ortiz v. Menu Foods, Inc., 525 F. Supp. 2d 1220, 1224 (D. Hawaii 2007) ("Defendant's calculations call for too much extrapolation and speculation" for the court to determine damages to a legal certainty.).

> Defendant's attempt to rely on Plaintiff's allegation that his claims are "typical" of the class is of no help. The fact Plaintiff alleged his claims are "typical" so as to satisfy requirements for class certification does not mean that the fact and number of days of delay for each class member are alleged to be identical to the Plaintiffs. Typicality in the class certification context simply means that representative claims are "reasonably coextensive with those of absent class members; they need not be substantially identical." Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1184 (9th Cir. 2007) (citing Hanlon v. Chrysler Corporation, 150 F.3d 1011, 1020 (9th Cir. 1998)). "Some degree of individuality is to be expected in all cases, but that specificity does not necessarily defeat typicality." Dukes, 509 F.3d at 1184. Defendant overreads Plaintiff's allegation.

*Id*. at * 15-16. Also see *Morris v. LiquidAgents Health Care, LLC*, 2012 U.S. Dist. LEXIS 159992 (N.D. Cal. Nov. 7, 2012), ("the removing party is not entitled to assume that all class members' damages or violation rates are the same as the named plaintiff's based simply on an allegation that the named class

member's claims are 'typical'"; *Baillie v. Account Receivable Mgmt. of Fla.*, 2011 U.S. Dist. LEXIS 16823, * 13 (N.D. Cal. Feb. 14, 2011) (class-wide assumptions based on two names plaintiffs' individual damages unwarranted); *Martinez v. Morgan Stanley & Co.*, 2010 U.S. Dist. LEXIS 80797, * 14 (S.D. Cal. Aug. 9, 2010) (assumption that all class members accrued the same number of overtime hours and missed meal breaks as named plaintiff not supported by evidence or allegations of typicality).

   As such, Defendants cannot establish the necessary jurisdictional amount under the CAFA with just a pat statement in the Notice that there were 1,001 calls recorded without providing any evidence whatsoever. If Defendants can provide the number of calls recorded then they should be able to provide proof about these calls because they have access to their own records and data that can provide a reasonable assumption for the extent of the violations at issue here.

### C. DEFENDANTS REMOVAL FAILS TO PROVIDE EVIDENCE THAT THE CLASS EXCEEDS 100 MEMBERS

   In addition to failing to provide evidence that Plaintiff or any Class Member have Article III standing, and in addition to failing to provide evidence that the damages exceed $5 million, Defendants' removal also fails because it fails to prove that there are more than 100 persons in the Class. While Plaintiff does not doubt that Defendants recorded the phone calls of over 100 persons, Defendant fails to provide evidence that any of those individuals, with the exception of the Plaintiff, fall within the class definition of "California citizens." Certainly, the Defendants, providers of telecommunication services to specific residences in California, have access to the residential records of the Class.

   Further, it is possible that a number of the putative Class Members have signed arbitration agreements with Defendants which prohibits their participation in any class action. *See e.g., Murphy v. DirecTV, Inc.,* 724 F.3d 1218 (9th Cir. 2013).[1] If that is the case, then it is possible that the number of Class Members would be reduced further.

---

[1] Plaintiff contends that he is not subject to any arbitration agreement here as he never signed any agreement with either Defendant, nor did he ever agree to arbitrate any claims he may have had.

-12-

**V.     CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that his case be remanded to the Superior Court of the State of California for the County of Los Angeles and that he be awarded his costs and actual expenses, including attorney's fees, incurred as a result of the removal.

Dated: August 23, 2021                                                **POTTER HANDY, LLP.**

                                                        By: ____/s/James M. Treglio_____
                                                             James M. Treglio
                                                        Counsel for Plaintiff and the Putative Class

# PROOF OF SERVICE

Adzhikosyan v. AT&T
Case No. 2:21−cv−05997−ODW−MRW

I, the undersigned, am over the age of eighteen years and am resident of San Diego County, California; I am not a party to the above-entitled action; my business address 8033 Linda Vista Road, Suite 200, San Diego, CA 92111.

On August 23, 2021, I served the following document(s):

1. **PLAINTIFF'S NOTICE OF MOTION  AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
2. **DECLARATION OF JAMES TREGLIO ISO PLAINTIFF'S MOTION TO REMAND**

Addressed to:
(1)      Frank Gooch III, Esq.
       Cozen O'Connor
       401 Wilshire Boulevard, Suite 850
       Santa Monica, CA  90401
       fgooch@cozen.com

(2)      Michael McTigue Jr, Esq.
       mmctigue@cozen.com
       Meredith Slawe, Esq.
       mslawe@cozen.com
       Cozen O'Connor
       One Liberty Place
       1650 Market Street, Suite 2800
       Philadelphia, PA 19103

(3)      Joshua S. Levy (pro hac vice)
       jslevy@cozen.com
       Cozen O'Connor
       1200 19th Street NW
       Washington, D.C. 20036

☐    <u>BY USPS MAIL:</u> I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at San Diego, California.

☐    <u>BY FACSIMILE:</u> In addition to the service by mail as set forth above, I forwarded a copy of said documents via facsimile to the listed facsimile number.

☐    BY OVERNITE EXPRESS: I caused such envelope with postage thereon fully prepaid to be placed in the Designated Overnite Express drop box at San Diego, California.

☐    BY PERSONAL SERVICE: I caused said documents to be personally served on all listed recipients via Ace Attorney Services.

X    BY ELECTRONIC MAIL TRANSMISSION: I caused the listed documents to be electronically filed and subsequently emailed to the recipient(s).

-14-

1    Executed on August 23, 2021 from San Diego, California.

2    I declare under penalty of perjury under the laws of the State of California that the above is true and

3    correct.

4                                                           /s/ James M. Treglio

5                                                           James M. Treglio

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-